JULIUS A. PARSONS, APPELLANT, *v.* PERHAM O. TOWER, RESPONDENT.

*Attorney — when he loses his right to enforce a claim of his own, by acting as attorney in an action for the enforcement of an inconsistent claim made by his client.*

This action was brought to recover the amount of an order, drawn by one Young, requesting the defendant to pay to the plaintiff the sum of $250 from money to become due to Young from the defendant for services rendered to him by Young. The order was accepted by the defendant, and at the time this action was commenced the requisite amount of money was due to Young. It appeared that prior to the time of the giving of the order the defendant had a bond of Young secured by a mortgage, and that it had been agreed that the money to become due for the services should be applied upon this bond. After this action had been commenced Young, the plaintiff appearing as his attorney, brought an action

against the defendant to recover the whole amount due for the services rendered. In that action it was decided that the amount due for all of the services should be applied upon the bond, and judgment was entered accordingly.

*Held*, that the plaintiff by conducting that action and by refraining from referring to the order held by him, or having the sum named therein deducted from the amount allowed upon the bond, lost all right to enforce the payment thereof and could not maintain this action.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

The action was brought on an instrument made by Hiram Young to the plaintiff in the following form, viz. :

" To P. O. TOWER :

" Please pay to Julius A. Parsons the amount that will be my due every Saturday night for manufacturing your cider into vinegar, until he is paid the sum of two hundred and fifty dollars.

" Dated *April* 1. 1878.                    " H. YOUNG."

The plaintiff received this paper and presented it to the defend-ant who indorsed upon it the following, viz. :

" Will pay the within when I owe H. Young the within amount.
                                        " P. O. TOWER."

And it appeared that, at the time this action was commenced, Young had performed for the defendant services in manufacturing cider into vinegar, amounting to upwards of $250, and that the defendant had refused to pay that sum to the plaintiff.

The defendant held against Young a bond secured by mortgage at and before the time the order was made by the latter to the plaintiff. And there is evidence tending to show that there had been some time before an understanding between the defendant and Young, that the price of the work done by the latter for the defendant should be applied on the bond. After this action was commenced and before the trial of it, another one was brought by Young (in which the plaintiff herein was his attorney and counsel) against the defendant to recover for his services performed for the latter, issue was joined therein and it was tried before a referee who made a report whereby he found an agreement that the amount due for the services of Young should be applied on his bond, on which he found the amount due exceeded that for Young's services, and that the amount due the latter was found and declared applied

on the bond. The referee dismissed the complaint and judgment was entered upon his report on the merits.

Thereupon the defendant by supplemental answer alleged the recovery of that judgment. The referee in this action determined that the plaintiff was not entitled to recover, and directed judgment dismissing the complaint which was entered, and from it this appeal is taken.

*Julius A. Parsons*, for the appellant.

*J. G. Record*, for the respondent.

BRADLEY, J.:

The instrument of April 1, 1878, was not a bill of exchange, but in terms purported to be an equitable assignment of the $250, which should become due Young for his services referred to, and in equity operated as such assignment so far as the drawer could effectually make the transfer, but at law it would not, without the defendant's consent in some manner manifested to it, vest in the plaintiff the right to collect the money of him. When unqualifiedly assented to by the defendant such order would at law operate as an assignment of the fund, irrevocable by the drawer. (*Morton* v. *Naylor*, 1 Hill, 583 ; *Munger* v. *Shannon*, 61 N. Y., 251, 258.) And when received the fund would be deemed held in trust for the payee. It follows that the drawee may qualify his assent or acceptance by affixing to it terms upon which his liability to pay must depend. The defendant accepted the order in question in such manner as to impose on him no liability to pay until he owed Young $250, and by his answer insisted that having a claim against Young, upon which the moneys by the latter should be and had been applied, he did not owe him. The term "owe" imports an obligation or duty to pay. And whether the condition precedent in the defendant's indorsement on the order was reached and accomplished, while the amount due him from Young exceeded that which the latter had earned in his service for the defendant, may be a question entitled to some consideration. That, however, might be one of construction of the indorsement involving inquiry into the the circumstances under which it was made with a view to the intention of the parties to it.

In respect to what took place between the plaintiff and defendant, at the time of the presentation and indorsement of the order, there is some conflict of testimony between them. And as the referee (so far as appears by his report) did not consider that question in reaching his conclusion, it is not deemed advisable, nor is it necessary here, to determine it in the view taken of the case. In the action brought, tried and determined while this action was pending, and before it was tried, which was based upon a claim on the part of Young for all the services he had performed for the defendant, without any allowance for the amount of this order or otherwise, as appears by the complaint, the referee found, substantially, that Young commenced service for the defendant in the spring of 1877 and continued in the performance of services for him until late in summer of 1878. That when the service commenced defendant held Young's bond, and it was then understood between them that the amount which should become due, the latter should be applied upon it; that they accounted and settled in September, 1877, and the amount then earned by Young was ascertained and indorsed on the bond; that further work of manufacturing, etc., was done by Young that fall, pursuant to the same agreement, and that in the spring of 1878 its terms were modified in respect to price for the work, and pursuant to the agreement so modified the work of manufacturing vinegar in 1878 was done; that at the time of making his report there was due Young $529.39, to be applied upon the bond, the amount due on which was in excess of the last amount so applied. The effect of this report was to make application of the whole amount earned by Young (after deducting advances for current expenses) upon his bond held by defendant.

The plaintiff in this action then was an attorney and counselor of this court, and as such had charge of and conducted that action for Young from its commencement to conclusion. On that trial, so far as appears, no reference was made to the order or use made of it, and no allowance was sought to be made or made to the defendant for or on account of it.

The referee in his report in this, referring to that action, finds that the plaintiff in this action, as attorney for Young, conducted the trial of that, and produced evidence tending to show that Young was entitled to recover of the defendant the entire

contract price for manufacturing vinegar, and that there was allowed by the referee to Young the amount so claimed, and that the amount so procured to be allowed to Young in that action by this plaintiff as his attorney, embraces the $250 which the plaintiff in this action seeks to recover. And that is the ground upon which the referee determined in this action that the plaintiff was not entitled to recover.

Treating the acceptance of the order as effectual to give the plaintiff the right to recover of the defendant its amount when Young had earned in the service $250, then plaintiff was entitled to recover in this action unless defeated by such other action or by the conduct of the plaintiff there. The defendant held the money as trustee for the plaintiff. The latter was at liberty to relinquish his right to it to Young, and mere consent or permission of the plaintiff that the defendant pay it to Young was sufficient to enable him to do it and be relieved from liability to the plaintiff. (*Parker v. City of Syracuse*, 31 N. Y., 376, 379, 380.)

The plaintiff went into court with Young and as his attorney and counsel, and so conducted the trial as to require the court to award and allow to Young this same $250. Was this a consent or permission on the part of the plaintiff, and was it not even direction, so far as he as counsel was able to give it, that this money be handed over to Young by application on the debt he owed the defendant? By that action and its result so produced the defendant was divested of this fund, and it would seem that the right of the plaintiff as beneficiary was cut off. (*Scudder v. Voorhis*, 5 Sandf., 271.)

The defendant, under the circumstances, was not required to preserve his alleged liability to the plaintiff by seeking for that purpose to reduce the allowance to Young in that action, but was justified in relying upon the action there of the plaintiff in that respect, who was conducting the trial for Young. The plaintiff, as such attorney and counsel, was a sort of trustee of the interests of his client and his agent within the scope of his authority arising out of that relation (*Poucher v. Blanchard*, 86 N. Y., 260), and had the control and management on his part of the action. (*Goodenough v. Spencer*, 46 How., 351.) It is true the interests of his client alone were to be observed and protected by the conduct of the attorney and coun-

sel. The interests of the client to be thus guarded were those which his legal rights afforded him and nothing more. The attorney is not required to impair his own interests involved when they do not conflict with such rights of the client, and when their preservation will not prejudice the legal interests of the latter.

- It was perhaps a matter of indifference to the defendant who had the $250. And when the plaintiff was there presenting that as part of Young's claim against the defendant, the latter had the right to assume that there was some reason satisfactory to the plaintiff for handing over to Young that fund, which practically he directed and caused to be done by his conduct of the trial. The order was not in defendant's possession or under his control. The means of giving to it all the availability it was entitled to, by way of protection of the interest of the plaintiff in it, were under the control of the latter.

Nothing occurred on that trial tending to show (so far as appears) that the plaintiff, as attorney and counsel, there sought to have the allowance of this sum there made to Young with the view of an attempt also to recover it in this action, and thus to make the defendant pay it twice. This the defendant, in justice to the motive of the plaintiff, was not required to assume.

The fund referred to in the order having been paid or allowed to Young, and so applied by the consent and permission of the plaintiff, cannot be recovered by him in this action.

The judgment appealed from should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed.